UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DEBORAH PUNGITORE,

    Plaintiffs,

vs.

NCL (BAHAMAS) LTD. d/b/a
NCL AND/OR NCL AMERICA

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEBORAH PUNGITORE ("PUNGITORE") hereby sues the Defendant, NCL (BAHAMAS) LTD. d/b/a NCL AND/OR NCL AMERICA ("NCL"), a Bermuda corporation, for damages and states:

### GENERAL ALLEGATIONS

1.    At all material times, PUNGITORE was and is a resident of the State of Pennsylvania and is therefore domiciled in and a citizen of the Pennsylvania for jurisdiction purposes and is otherwise *sui juris*.

2.    At all material times, NCL was and is a Bermuda company with its principal place of business and offices located in Miami-Dade County, Florida.

3.    Pursuant to 28 U.S.C.A. § 1333, the Court possesses subject matter jurisdiction because this action arises under federal maritime law. Alternatively, pursuant to 28 U.S.C.A. § 1332, the Court possesses diversity jurisdiction because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.    Venue is proper in this district and division because NCL resides here. A contract

between the parties also mandates that this action be brought "before the United States District Court for the Southern District of Florida in Miami, Florida."

5. PUNGITORE satisfied all conditions precedent to the commencement of this action.

## FACTUAL ALLEGATIONS

6. After paying for passage on its Norweigan Pearl cruise ship, NCL issued PUNGITORE a ticket identified by number 6956597.

7. On or about August 29, 2010, PUNGITORE lawfully boarded NCL's Norwegian Pearl cruise ship in Seattle, Washington to embark on a twenty-fifth anniversary Alaskan cruise.

8. After boarding, PUNGITORE was walking along one of the ship's outdoor walkways.

9. At all material times, an unmarked ramp extended into the walkway causing an edge to protrude an unsafe distance above the walkway floor. The ramp and walkway floor were also similarly colored, which concealed this perilously uneven and unreasonable walking surface. There were no warnings posted or barriers placed around this hidden defect located on the subject walkway.

10. On or about August 29, 2010, PUNGITORE tripped and fell due to the protruding ramp and the unreasonably dangerous walking surface it created, sustaining serious and permanent physical injury as well as other damages.

## CLAIM OF NEGLIGENCE AGAINST NCL

11. PUNGITORE re-alleges and reaffirms paragraphs 1 – 10 and further alleges as follows.

12. At all material times, PUNGITORE was lawfully present on the subject premises.

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

13. At all material times, NCL, through its agents, employees, representatives or others over whom it exercised control, owed a non-delegable duty to its passengers, invitees, guests and all those lawfully on the subject premises, including PUNGITORE, to exercise reasonable and ordinary care to protect them from reasonably foreseeable dangerous and hazardous conditions and to keep and maintain the subject premises in a condition reasonably safe for their use.

14. At all material times, NCL created and maintained a dangerous and defective walking surface by unreasonably placing or installing the subject ramp directly in the path of passengers and others lawfully using the subject walking surface.

15. At all material times, NCL possessed actual or constructive knowledge of the protruding ramp and the dangerous walking condition to which it subjected NCL passengers. NCL should have taken action to maintain the walkway in a reasonably safe condition, but failed to do so.

16. NCL's non-delegable duty to provide reasonably safe premises to PUNGITORE establishes direct liability for the negligence of any person or entity under NCL's control, whether direct or indirect, including NCL's employees, agents, consultants and independent contractors, to whom the performance of the duty may have been delegated.

17. NCL is also vicariously liable for the negligent actions or omissions of all persons or entities under NCL's control, either direct or indirect, or NCL's employees, agents, consultants and independent contractors, whether in-house or outside entities, or individuals, which maintained or operated the subject premises.

18. To the extent any person or entity under NCL's control, including NCL's employees, agents, consultants or independent contractors committed any of the negligent actions

3

or omissions described in this complaint, NCL remains liable for their negligence under the theory of non-delegable duty.

19. At all material times, NCL, by and through its agents, servants, employees or independent contractors, breached its non-delegable duty of care to provide its passengers and invitees including, PUNGITORE, with reasonably safe premises and acted in a careless and negligent manner through the following acts of omission or commission:

    a. Failing to safely and properly construct and maintain the subject walkway and ramp;

    b. Failing to ensure that the walking surfaces on its the ship were uniformly even and leveled or, otherwise in compliance with cruise line industry standards;

    c. Creating or allowing a concealed hazard to exist on the ship's deck;

    d. Failing to remedy a hazardous condition about which it had or should have had knowledge;

    e. Failing to properly and adequately warn PUNGITORE of a dangerous, concealed or hazardous condition on the premises that it knew or should have known to exist;

    f. Failing to ensure that maintenance and upkeep procedures were in place and complied with to prevent the ramp from protruding into the walkway or, alternatively, marking the ramp as a hazardous condition;

    g. Failing to place barriers around the subject ramp to protect passengers and invitees from this tripping hazard;

    h. Failing to reasonably modify the design of the ramp or remove it entirely in order to eliminate the unreasonably hazardous condition that it created on the subject walking surface;

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

   i. Failing to adopt and enforce reasonable protocols, policies and procedures for inspecting or maintaining the walking surfaces and pedestrian walkways on its premises;

   j. Failing to properly train and instruct employees on how to maintain the subject premises in a reasonably safe condition;

   k. Failing to comply with required or accepted industry practices, standards or codes;

   l. Failing to identify dangerous conditions on the deck of the subject premises and make them safe

   m. Failing to mark or identify the protruding ramp as a dangerous condition;

   n. Negligently maintaining the walking surfaces of its premises;

   o. Negligently maintaining the subject premises in an unsafe, unfit and unreasonably dangerous condition;

   p. Other acts of negligence as determined through discovery.

20. At all material times, NCL, knew or reasonably should have known that its negligent acts or omissions rendered the walkway unreasonably dangerous and, therefore, exposed its passengers and invitees to an unreasonable risk of harm.

21. As a direct and proximate result of the negligent acts or omissions of NCL, its employees, agents or independent contractors, PUNGITORE sustained serious and permanent injuries. Accordingly, NCL is directly and/or vicariously liable for her traumatic injuries.

22. As a direct and proximate result of NCL's negligence and carelessness, PUNGITORE suffered injuries about her head, body and extremities with resulting pain and suffering, disability, disfigurement, mental anguish, embarrassment, inconvenience, loss of capacity for the enjoyment of life, the expense of medical care, physical therapy and treatment, as

5

HANNON & BOYERS, P.A., ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, SUITE 980, MIAMI, FL 33131 TEL (305) 358-3109 FAX (305) 373-2823

well as all damages allowable under Florida law. The losses are either permanent or continuing in nature and PUNGITORE will continue to suffer these losses in the future.

WHEREFORE, PUNGITORE demands judgment against NCL for damages in excess of $75,000.00, plus costs and all other relief deemed just and proper. PUNGITORE also demands a trial by jury of all issues so triable.

DATED this 27th day of April 2011.

                                                              Respectfully submitted,

                                                              **HANNON & BOYERS, P.A.**
                                                              Attorneys for Plaintiff
                                                              ESPIRITO SANTO PLAZA
                                                              1395 Brickell Avenue, Suite 980
                                                              Miami, Florida  33131
                                                              Telephone: (305) 358-3109
                                                              Facsimile:  (305) 373-2823

BY: _____
                                                             ROBERT B. BOYERS
                                                              Fla. Bar No. 100978
                                                              MATTHEW MAZZARELLA
                                                              Fla. Bar. No. 52335